# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICOLE MAZURKIEWICZ :
    Plaintiff :
     : No. _____
  v. :
     :
ASHLEY FURNITURE INDUSTRIES : Jury Trial Demanded
INC. :
    Defendant :

## COMPLAINT

### Parties, Venue, Jurisdiction

1. Plaintiff, Nicole Mazurkiewicz ("Plaintiff") is an adult female, with an address of 634 N. 25th Street, Reading, Berks County, Pa 19606.

2. Defendant Ashley Furniture Industries, Inc. ("Defendant") is a corporation with corporate headquarters at One Ashley Way, Arcadia, Wisconsin 54612.

3. Defendant transacts business locally at, inter alia, 45 Ashley Way Leesport, Berks County, Pa 19533 ("Local Office").

4. Plaintiff timely filed a "Charge of Discrimination" ("Charge") with the Equal Employment Opportunity Commission ("EEOC") which was received by the EEOC on December 15, 2006. See Exhibit A "Charge #530-2007-01294".

5. Plaintiff's Charge alleged illegal disability and sex discrimination against Defendant.

6. Plaintiff's Charge was dually filed with the Pennsylvania Human Relations Commission ("PHRC") as Case No. 200700517.

7. Plaintiff received a "Notice of Right To Sue" from the EEOC on August 14, 2008. See Exhibit "B".

8. Plaintiff received a "Notice of Complainant's Rights" from the PHRC on or about June 20, 2008. See Exhibit "C".

9. This court has jurisdiction to decide this matter de novo under 42 U.S.C.§ 1200 et seq and Title II of the Americans With Disabilities Act, 42 U.S.C.§ 12132 et seq..

10. As more fully set forth below, this Honorable Court has supplement jurisdiction over Plaintiffs state law claims under the Pennsylvania Human Relations Act ("PHRA") under 28 U.S.C. 1367.

11. Plaintiff is bringing suit within 90 days of receiving her Notice of Right to Sue.

## Background

12. In August, 2005, Plaintiff worked for Defendant as an "auditor" at their local office.

13. On August 26, 2005 Plaintiff suffered a "crush injury" to her left foot when another employee of Defendant drover a "pallet jack" over Plaintiff's left foot.

14. At some point in 2005, Plaintiff was diagnosed with Lupus.

15. On or about March 15, 2006, Plaintiff returned to work on a limited light duty basis.

16. On or about March 15, 2006, Plaintiff was substantially limited in major life activities of walking and working by virtue of her left foot crush injury.

17. On or about March 15, 2006, Defendant viewed Plaintiff as substantially limited in major life activities by virtue of her left foot crush injury.

18. Defendant began monitoring Plaintiff's work computer immediately upon Plaintiff's return to "light duty" on or about March 15, 2006.

19. Defendant viewed email messages of Plaintiff some of which referenced Plaintiff's Lupus condition.

20. On or about June 19, 2006, Plaintiff's supervisor called Plaintiff into a meeting and fired her for allegedly violating a policy against personal emails.

21. In that June 19, 2006 meeting Plaintiff's supervisor indicated that she had read personal emails which referenced Plaintiff's Lupus condition.

22. Plaintiff's lupus condition was well known among co workers and superiors during the relevant time period.

**Count I: Illegal Disability Discrimination in violation of the ADA and PHRA**

23. Plaintiff incorporates paragraphs 1-22 as if fully plead herein.

24. Plaintiff was actually or perceived to be disabled on the date she was terminated.

25. Plaintiff was capable of performing the essential job duties of her position with or without a reasonable accommodation.
26. Defendant did not monitor other employee's computers whom were not actually or perceived to be disabled.
27. Plaintiff did not violate any policy of Defendant as enforced with regards to personal use of company computers.
28. Plaintiff's computer usage did not interfere with Defendant business.
29. Other non disabled employees were not disciplined despite engaging in personal activities on company time.
30. Plaintiff suffered emotional and compensatory damages (including loss of pay and benefits) as a result of Plaintiffs illegal treatment.

WHEREFORE, Plaintiff prays this Honorable Court enter an Order declaring the Defendant in violation of the ADA and the PHRC and providing an award to plaintiff of monetary relief including compensatory damages, lost earnings, back pay, front pay and the monetary value of the loss of salary and employment benefits together with interest, the value of fringe benefits, all of which plaintiff has lost and will lose in the future, providing an award to Plaintiff of damages pursuant to the ADA and PHRC, and redressing Defendant's intentional, willful and/or reckless acts of discrimination, and providing and award to Plaintiff of the costs and expenses of litigation including reasonable attorney's fees, providing an award of punitive damages only if permitted at time of trial, and providing Plaintiff such further relief, both legal and equitable including reinstatement, front pay, back pay and any other relief the Court deems appropriate.

### Count II: Illegal Sex Discrimination in Violation of Title VII of the Civil Rights Act and the PHRA

31. Plaintiff incorporates paragraphs 1-30 as if fully plead herein.
32. Other similarly situated non female employees were not disciplined or not disciplined as severely as Plaintiff for alleged violations of Defendant policies.

33. Other similarly situated non female employees' computers were not monitored by Defendant.
34. Defendant monitored Plaintiff's computer and ultimately terminated her because she was female.
35. Plaintiff suffered emotional and compensatory damages (including loss of pay and benefits) as a result of Plaintiffs illegal treatment.

WHEREFORE, Plaintiff prays this Honorable Court enter an Order declaring the Defendant in violation of Title VII of the Civil Rights Act of 1964 and the PHRA and providing an award to plaintiff of monetary relief including compensatory damages, lost earnings, back pay, front pay and the monetary value of the loss of salary and employment benefits together with interest, the value of fringe benefits, all of which plaintiff has lost and will lose in the future, providing an award to Plaintiff of damages pursuant to the Civil Rights Act and the PHRC, and redressing Defendant's intentional, willful and/or reckless acts of discrimination, and providing and award to Plaintiff of the costs and expenses of litigation including reasonable attorney's fees, providing an award of punitive damages only if permitted at time of trial, and providing Plaintiff such further relief, both legal and equitable including reinstatement, front pay, back pay and any other relief the Court deems appropriate.

Respectfully Submitted,

/s/Shelly Farber, Esquire
SHELLY FARBER ESQUIRE
PA Attorney ID 33726
Farber and Farber Law Offices
2619 West Chester Pike Suite 100
Broomall, PA 19008
610-356-3900   Fax 610-356-3952